[Civil No. 2070.  Filed March 27, 1925.]

[234 Pac. 551.]

WILLIAM H. SHOREY, Appellant, v. ISABEL DANIEL, Appellee.

1. APPEAL AND ERROR—TRIAL COURT'S IMPLIED FINDING ON CONFLICTING EVIDENCE CANNOT BE DISTURBED.—Where a "$500 Yuma Mesa lot" was offered in newspaper subscription-getting contest as second prize, and winner refused conveyance, because lot was not worth that amount, in suit by latter for breach of contract, trial court's implied finding on conflicting evidence that winner did not know, when accepting offer, that particular lot to be given was designated, cannot be disturbed on appeal.

2. CONTRACTS—WINNER OF PRIZE CONTEST HELD ENTITLED TO ASSUME VALUE OF PRIZE OFFERED TO BE AS STATED.—Where second prize offered in newspaper subscription-getting contest was a "$500 Yuma Mesa lot," winner of second prize *held* entitled to assume that words were not dealer's talk, and to treat attempted conveyance of lot of less value as breach of contract, where she did not know, when accepting offer, that a particular lot was already designated for winner.

3. DEEDS—FINDING ON CONFLICTING EVIDENCE THAT ACCEPTANCE OF DEED WAS CONDITIONAL HELD WARRANTED.—Court's finding on conflicting evidence that deed was accepted by grantee on condition that value of lot was as represented *held* justified under evidence, and therefore reconveyance by writing as required by Civil Code of 1913, paragraph 2049, was unnecessary.

See (1) 4 C. J., pp. 877, 883.   (2) 13 C. J., p. 289.   (3) 18 C. J., p. 439 (1926 Anno.).

APPEAL from a judgment of the Superior Court of the County of Yuma. F. M. Ingraham, Judge. Affirmed.

Messrs. Timmons & Westover, for Appellant.

Messrs. Robertson, Lindeman & Campbell, for Appellee.

McALISTER, C. J.—This is an appeal by William H. Shorey, from a judgment in favor of Isabel Daniel, the plaintiff in the trial court. Appellant was the owner and proprietor of the "Yuma Examiner," and early in 1920 conducted a prize contest for the purpose of increasing the circulation of his paper. For some time before the contest opened, he advertised it extensively in his paper, offering to each of the seven contestants, who secured the highest number of votes, each subscription entitling the one taking it to so many votes, one of the following prizes: First, 1920 Oakland Six automobile; second, $500 Yuma Mesa lot; third, player piano; fourth, business course; fifth, gold watch; sixth, gold watch; seventh, a chest of silver.

Appellee, Isabel Daniel, won the second prize, and a few days after the contest closed appellant left with her a deed conveying to her lot 12, block 5, Timmons' addition to the town of Yuma. She did not, according to her testimony, accept the deed, but told him at the time that she had heard around town that the lot was not worth $100, and that she would investigate and find out what its value was, and if it was not worth what he was going to give her for her work he would hear from her. Some days later she returned the deed to him through her attorneys, and the following day he took it back to her, whereupon she gave it to her counsel again, with directions to

27 Ariz.—32

return it the second time to appellant. Soon thereafter she filed suit, alleging, in addition to the facts of the contest and her success in winning the second prize, that appellant had not delivered her a deed to the $500 Yuma Mesa lot, nor had he paid her any sum of money whatever for her work in the contest, but, on the contrary, had refused to do either, to her damage in the sum of $500.

The answer sets up several defenses, to wit: A general denial, full performance, accord and satisfaction, that there was no guaranty as to the value of the lot, but that all representations of that character were mere "dealer's talk," and that appellee entered the contest, well knowing the lot that was to be given as the second prize, together with its value, and accepted the deed thereto in full satisfaction of her claim.

The case was tried to the court without a jury, and resulted in a judgment for appellee for the full amount asked. The only assignment is that the judgment is contrary, first, to the law; and, second, to the evidence.

It is clear from the record that appellant offered the contestant securing the highest number of votes a 1920 Oakland Six automobile, to the one securing the second highest number of votes a $500 Yuma Mesa lot, to the one securing the third highest number of votes a player piano (later changed to $300), and so on until the seven prizes had been awarded. Appellee accepted this offer February 5, 1920, by entering the contest, and at its close had secured the second highest number of votes, which entitled her to the $500 Yuma Mesa lot. Appellant admits this, but contends that before appellee entered the contest the prizes had been definitely fixed, and that the offer was to give these and nothing more. There was nothing in the offer, however, to disclose what par-

ticular lot the expression "$500 Yuma Mesa lot" referred to, and appellee testified that she did not know. She stated further that she never saw the deed describing a lot in Timmons' addition, with the number and block on Shannessy Street, which appellant testified he posted in Sanguinetti's store window, though the following appeared in the "Examiner" of February 4, 1920:

"I would suggest to all contestants to call at Sanguinetti's store and see the deed for the building lot. The deed is on exhibition there."

This suggestion, however, was not in the offer itself, but was found in another article. The contest had been running about two weeks when appellee entered it, and the offer of the $500 Yuma Mesa lot had appeared for an even longer period.

It was, therefore, a matter for the trial court to decide whether appellee knew when she accepted the offer what lot the winner of the second prize would get, and, inasmuch as the evidence on this question was conflicting, this court cannot disturb the ruling thereon. Written findings were not filed, it is true, but the judgment for appellee could have been rendered upon no other theory than that she had no such knowledge. If she had actually known to which lot reference was had, or if the offer had contained a description of it or such data concerning it as would have charged her with notice of its identity, the judgment would have found no support in the evidence, for her act in entering the contest would have constituted an acceptance of the offer of that particular lot.

However, the winner of the second prize was offered a $500 lot and the evidence discloses that the one described in the deed left with appellee by appellant was not worth this much, though the testimony regarding its value varies materially, that in-

troduced by appellee placing it at not to exceed $100 and that in favor of appellant at $250 or $300. A contestant who did not know what particular lot was meant by the term, "$500 Yuma Mesa lot," was justified in assuming that the value of the one to be awarded was $500, and the delivery of a deed conveying a lot of less value would not be a compliance with this offer. It was appellee's right, therefore, to treat the conveyance, or attempted conveyance, of lot 12, block 5, Timmons' addition to the town of Yuma, as a breach of the contract, and to recover the amount she was damaged thereby. And in view of the fact that she did not have knowledge of the identity of this lot and of the further consideration that there did not exist facts from which the court should have drawn the inference that she had such knowledge, the contention that the reference in the offer to the value of the lot, as well as the representations in other articles relating thereto, was mere "dealer's talk" cannot be upheld.

It is appellant's contention that appellee accepted the deed, that her acceptance effected a transfer of title and that she could not reinvest him therewith by a redelivery of the same deed. If she really accepted the deed, the title unquestionably passed to her and she could not divest herself of it by a mere redelivery of the deed to the grantor, because an estate of inheritance and freehold in lands and tenements can be conveyed only by an instrument in writing, subscribed and delivered by the disposing party. Paragraph 2049, Civ. Code 1913. The evidence on this question, however, was conflicting but the court evidently concluded, as it was justified in doing under the testimony of appellee, that her acceptance of the deed was only conditional.

The judgment is therefore affirmed.

ROSS and LOCKWOOD, JJ., concur.